**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

SCOTT SMITH,                    )      CASE NO.: 5:06CV2959
                               )
          Petitioner,          )      JUDGE JOHN R. ADAMS
                               )
     v.                        )      Magistrate Judge George J. Limbert
                               )
STUART HUDSON, Warden,         )      **REPORT AND RECOMMENDATION**
                               )      **OF MAGISTRATE JUDGE**
          Respondent.          )
                               )

Petitioner Scott Smith ("Petitioner") has filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  ECF Dkt. #1.  Petitioner is a prisoner in custody at Mansfield Correctional Institution seeking relief from his Canton Municipal Court convictions for carrying concealed weapons, aggravated menacing, and disorderly conduct.  *Id*.  On March 9, 2007, the case was referred to the undersigned for a report and recommendation.  ECF Dkt. #5.  For the following reasons, the undersigned recommends that the Court DISMISS all grounds for relief in the instant petition with prejudice:

I.      **PROCEDURAL HISTORY**

        A.      **State Trial Court**

        On June 22, 1996, Deputy Michael Leary of the Canton Police Department filed a criminal complaint against Petitioner alleging three violations of law.  ECF Dkt. #8, Ex. 1.  The complaint alleged: (Count 1) Petitioner knowingly carried a six inch pocket knife inside his right front pants pocket, constituting the crime of carrying concealed weapons, in violation of Ohio Revised Code ("O.R.C.") § 2923.12 or Canton Ordinance 549.02; (Count 2) Petitioner waved a large pocket knife at Michael Fite several times threatening to kill him, constituting the crime of aggravated menacing, in violation of O.R.C. § 2903.31 or Canton Ordinance 537.05; and (Count 3) Petitioner pulled his pants off and mooned the customers in a Denny's restaurant, constituting the crime of disorderly

conduct - intoxication, in violation of O.R.C. § 2917.11(B) or Canton Ordinance 509.03(b).  ECF Dkt. #8, Ex. 1.

On August 9, 1996, Petitioner appeared in court with counsel and entered a plea of no contest to each count in the complaint. ECF Dkt. #8, Ex. 2.  The trial judge sentenced Petitioner to 180 days of imprisonment and two years of probation for Count 1 and 180 days of imprisonment for Count 2, with the sentences to be served consecutively.  *Id.*  The trial judge also sentenced Petitioner to 30 days of imprisonment for Count 3, to be served concurrently with the sentences for Counts 1 and 2.  *Id.*  The court ordered Petitioner to begin his sentence on August 15, 1996.  *Id.*

On August 27, 1996, the Stark county jail administrator sent a notice to the Canton Municipal Court indicating that Petitioner had satisfied the requirements for reducing an inmate's sentence under O.R.C. § 2947.151 by completing work as "Trusty."  ECF Dkt. #8, Ex. 3.  On November 19, 1996, the Canton Municipal Court issued an amended judgment entry stating that Petitioner had completed 50 hours of community service in lieu of days.  ECF Dkt. #8, Ex. 4.

On February 5, 2009, the Canton Municipal Court issued an order for Petitioner to show cause as to why his sentence should not be reimposed for failure to report to the probation department as required.  ECF Dkt. #8, Ex. 5.  Petitioner failed to appear for the hearing because he was in the state penitentiary for a conviction in another case.  *See* ECF Dkt. #8, Ex. 8 at 1.

On March 4, 1998, Petitioner's probation was vacated and the case was closed.  ECF Dkt. #8, Ex. 6, Ex. 9 at 3.

On November 5, 2003, Petitioner filed an application for expungement in the Canton Municipal Court.  ECF Dkt. #8 Ex. 7.  On November 6, 2003, the court denied the application.  ECF Dkt. #8, Ex. 8.

**B.**     **Direct Appeal**

On March 17, 2006, Petitioner filed a *pro se* notice of appeal from the Canton Municipal Court's judgment (which had been entered on August 9, 1996).  ECF Dkt. #8, Ex. 11.  Petitioner contemporaneously filed a motion for leave to file a delayed appeal.  ECF Dkt. #8, Ex. 12.  Petitioner stated that he had  not filed a timely appeal because his trial counsel failed to file an appeal and because the trial court failed to appoint appellate counsel.  *Id.*  On April 26, 2006, the

Ohio Court of Appeals for the Fifth District denied Petitioner's motion because he had not filed a timely appeal and because he demonstrated a lack of diligence in pursuing his claims by waiting over nine years to file an appeal.  ECF Dkt. #8, Ex. 13.

On May 5, 2006, Petitioner filed a *pro se* application for reconsideration and a motion to certify a conflict in the Ohio Court of Appeals.  ECF Dkt. #8, Ex. 14, 15.  On June 6, 2006, the court denied both motions.  ECF Dkt. #8, Ex. 16.

On June 9, 2006, petitioner filed a *pro se* notice of appeal to the Supreme Court of Ohio and a memorandum in support of jurisdiction.  ECF Dkt. #8, Ex. 18, 19.  Petitioner raised the following propositions of law:

I  The Court of Appeals abused its discretion when it denied leave to file delayed appeal where the delay is attributable to the trial court's failure to advise an indigent defendant of his right to appeal and have counsel appointed for the appeal.

II  Appellant was denied effective assistance of counsel when he told his trial counsel he wanted to appeal his finding of guilty and when trial counsel had him plead no contest to crimes he was actually innocent of.

III  The Court of Appeals committed a miscarriage of justice when it denied leave to file delayed appeal where Appellant was found guilty of crimes to which he is actually innocent of.

IV  The Court of Appeals' judgment denying leave to file delayed appeal based upon length of delay conflicts with the Eighth District Court of Appeals.

ECF Dkt. #8, Ex. 19.

On October 4, 2006, the Supreme Court of Ohio denied jurisdiction in an unexplained decision.  ECF Dkt. #8, Ex. 20.

**C. Federal Habeas Corpus Petition**

On  December 4, 2006, Petitioner filed the instant petition for a writ of habeas corpus.  ECF Dkt. #1; *see Towns v. U.S.*, 190 F.3d 468, 469 (6th Cir. 1999) citing *Houston v. Lack*, 487 U.S. 266, 270-74 (1988) (a *pro se* prisoner's petition is considered to be filed on the day he delivers it to prison authorities). Petitioner raised the following grounds for relief:

**Ground one:**  Petitioner Was Denied His Right To Appeal In Violation Of His 5th, 6th, 14th Amendment Rights.

**Supporting Facts:**  The court of appeals erred by denying petitioner's motion for delayed appeal when he was not informed of his right to appeal

and have counsel appointed to do so. Petitioner's constitutional rights were violated by this.

**Ground two:** Petitioner Was Denied His Right To Effective Assistance Of Counsel As Guaranteed Under The 6th And 14th Amendments.

**Supporting Facts:** Petitioner's trial counsel was deficient for having him plead "no contest" to aggravated menacing and carrying concealed weapon, crimes of which petitioner is actually innocent of. Petitioner did not threaten Mr. Fite with a knife, let alone a large knife. A knife is not considered a deadly concealed weapon. Petitioner did not conceal his small 1 1/2" knife he was arrested with. His trial attorney did not appeal his conviction and he did not have an appellate attorney appointed, as he was not given that right. That creates a presumption of prejudice, as nor presumption of reliability can be accorded to proceedings that never took place.

**Ground three:** Petitioner Is Actually Innocent Of Aggravated Menacing And Carrying Concealed Weapon.

**Supporting Facts:** Petitioner did not threaten Mr. Fite with a knife. Petitioner had a visible 1 1/2" knife clipped to outside of his pants pocket. The Stark Co. Sheriff's Office took the knife.

**Ground four:** The Court of Appeals Abused Its Discretion In Violation Of Petitioner's Constitutional Rights When It Denied His Motion For Delayed Appeal.

**Supporting Facts:** The failure to grant delayed appeal where the failure to timely appeal is attributable to the trial court not advising petitioner of his right to appeal and have appellate counsel appointed is an abuse of discretion. Such abuse becomes plain error when a miscarriage of justice occurs because of it.

**Ground five:** The Court Of Appeals Committed A Miscarriage Of Justice When It Denied Petitioner's Motion For Delayed Appeal In Violation Of Petitioner's Constitutional Rights.

**Supporting Facts:** Because petitioner has a claim of actual innocence, the Stark County Court of Appeals for the Fifth District committed plain error in not granting his motion for delayed appeal, thereby causing a miscarriage of justice.

**Ground six:** Petitioner's Unconstitutional Conviction Was Used To Illegally Enhance Petitioner's Federal And State Sentences In Violation Of The U.S. Constitution.

**Supporting Facts:** Petitioner's federal sentence was enhanced from Criminal Category I to II based on this unconstitutional conviction. The State used this conviction along with other arbitrary reasons to issue a sentence of thirteen years consecutive to his federal sentence was [sic] from the same crime.

-4-

> Petitioner's conviction is unconstitutional for the following reasons: Counsel was ineffective for having Petitioner plead "no contest" to crimes which he is actually innocent of. Having Petitioner plead while being intoxicated; the plea was not knowing and voluntary. Petitioner is innocent of threatening Mr. Fite with a knife and carrying a concealed "deadly" weapon. Petitioner was not advised of his appellate rights and the right to have appellate counsel appointed.

ECF Dkt. #1 at 5-6(a).

On May 15, 2007, Respondent filed a return of writ.  ECF Dkt. #8.  On June 22, 2007, Petitioner filed a traverse.  ECF Dkt. #11.

## II.       JURISDICTION

### A.       Standard of Review for Determining Jurisdiction

The Antiterrorism and Effective Death Penalty Act ("AEDPA") governs this Court's review of the instant matter because Petitioner filed his petition for writ of habeas corpus on December 4, 2006, well after the AEDPA's effective date of April 24, 1996. *See Harpster v. Ohio*, 128 F.3d 322, 326 (6th Cir. 1997), *cert. denied*, 522 U.S. 1112 (1998).

The AEDPA requires a petitioner to be "a person in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a).  A habeas corpus petitioner must be "in custody" pursuant to a state conviction when the petition is filed in order to vest the district court with jurisdiction.  *White v. Kapture*, 42 Fed.Appx. 672, 673 (6th Cir. May 3, 2002), unreported, citing 28 U.S.C. § 2254(a); *Maleng v. Cook*, 490 U.S. 488, 490 (1989).  The United States Supreme Court has held that a Petitioner is generally not considered to be "in custody" for the purpose of attacking a conviction if the sentence has expired (*i.e.*, the sentence has been fully served).  *Lackawanna County Dist. Attorney v. Coss*, 532 U.S. 394, 401 (2001); *Maleng*, 490 U.S. at 490-91 (1989).  A petitioner can, however, be "in custody" under an expired sentence if: (1) he seeks to challenge a current sentence that was enhanced by the earlier expired sentence; and (2) the prior conviction is not foreclosed from direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available.  *Lackawanna*, 532 U.S. at 401-02.  Therefore, once a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the

conviction may be regarded as conclusively valid.  *Id*. at 403.

**B.     Scope of the Instant Petition**

In the case at bar, Petitioner lists his conviction in the Canton Municipal Court as the conviction under attack.  ECF Dkt. #1 at 1.  The sentence in that case is expired.  The municipal court sentenced Petitioner to 360 days of imprisonment and 2 years of probation to begin on August 15, 1996.  His probation was vacated and the Canton Municipal Court case was closed on March 4, 1998.  Therefore, his sentence has expired, and he cannot directly attack the conviction of the Canton Municipal Court under 28 U.S.C. § 2254.

When a petition states that it is attacking a prior conviction with an expired sentence, that petition may also be considered as an attack on a sentencing enhancement in a subsequent case.  *See Lackawanna*, 532 U.S. at 401-02 (a petitioner listed a 1986 conviction as the conviction under attack, but the Supreme Court also interpreted the petition as an attack on a 1990 conviction where the sentence had been enhanced based upon the 1986 conviction); *Maleng*, 490 U.S. at 489-90 (a petitioner listed a 1958 conviction as the conviction under attack, but the Supreme Court also interpreted the petition as an attack on a 1978 conviction where the sentence had been enhanced based upon the 1958 conviction).

Since the Sixth Ground for relief in the instant petition alleges unconstitutional sentence enhancements in a state court case and a federal court case based on the Canton Municipal Court conviction, the instant petition appears *on its face* to satisfy the first prong of the *Lackawanna* test.

It is important to note, however, that Petitioner has also filed a petition in this Court seeking review of his federal conviction pursuant to 28 U.S.C. § 2255.  *See U.S. v. Luther*, Case No. 1:97CR00324-002, ECF Dkt. #38.  He filed that petition on January 5, 2006, *before* he filed the instant petition.  *Id*.  In that petition, Petitioner argues against the validity of his federal sentence:

| | |
|---|---|
| **Ground Five:** | Defendants's sentence was enhanced based on a [sic] unconstitutional no contest plea from a prior misdemeanor conviction. |
| **Supporting Facts:** | Defendant was placed in in [sic] criminal category II for a no contest plea involving 2 misdemeanors.  The plea was not knowing, intelligent, or voluntary because defendant was intoxicated at his plea sentencing hearing.  The court nor counsel informed defendant of his right to appeal and have |

-6-

counsel appointed for that purpose, and that this conviction would be used to enhance future sentences.

*Id*. at 5a.  Therefore, Petitioner's motion to vacate the judgment in Case No. 1:97CR00324-002 directly attacks the allegedly unconstitutional sentencing enhancement, and the claim can be more appropriately addressed through the pending motion in the federal case pursuant to 28 U.S.C. § 2255.

Petitioner also alleges that the Lorain County, Ohio Court of Common Pleas convicted him for the "same crime" as the federal court did.  ECF Dkt. #1 at 6(a).  He further alleges that the state court unconstitutionally enhanced his sentence based upon the allegedly unconstitutional Canton Municipal Court conviction.  ECF Dkt. #1 at 7.  The instant petition may be considered an attack on the Lorain County, Ohio Court of Common Pleas sentencing judgment only if the underlying conviction in the Canton Municipal Court is not foreclosed from direct or collateral attack in its own right because Petitioner failed to pursue those remedies while they were available.

For the foregoing reasons, the undersigned recommends that the Court find that: (1) the Court lacks jurisdiction to grant the instant petition as a direct attack on the Canton Municipal Court conviction because his sentence has expired; and (2) the Court lacks jurisdiction to grant the instant petition as a challenge to his federal conviction in 1:97CR00324-002 due to his pending 28 U.S.C. § 2255 petition.  Whether the Court has jurisdiction to grant the instant petition as an attack on the Lorain County Court of Common Pleas conviction is dependant upon whether Petitioner failed to pursue direct or collateral attacks on the Canton Municipal conviction and those remedies are no longer available.

## C.     Availability of Remedies for Petitioner's Prior Conviction

In this case, Petitioner's Canton Municipal Court sentence is foreclosed from direct and collateral attack because Petitioner failed to file a timely application for review, as the following analysis shows:

### (i)     AEDPA Statute of Limitations

In general, a state prisoner seeking habeas corpus relief pursuant to 28 U.S.C. § 2254 must comply with the statute of limitations period set forth in 28 U.S.C. § 2244, which provides:

(d)(1)  A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of--

    (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

    (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing such State action;

    (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

    (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

(d)(2)  The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

The statute of limitations is tolled for any period of time in which a properly filed petition for post-conviction relief is pending before the state courts. *Jurado v. Burt*, 337 F.3d 638, 640 (6th Cir. 2003); *see* 28 U.S.C. § 2244(d)(2).  To determine if a state proceeding will toll the statute of limitations, the Sixth Circuit has held that:

A state petition for post-conviction or other collateral review that does not address one or more of the grounds of the federal habeas petition in question is not a review 'with respect to the pertinent judgment or claim' within the meaning of 28 U.S.C. § 2244(d)(2), and therefore does not toll the one-year AEDPA statute of limitations.

*Austin v. Mitchell,* 200 F.3d 391, 395 (6th Cir. 1999).  Further, the "tolling provision does not ... 'revive' the limitations period (i.e., restart the clock at zero); it can only serve to pause a clock that has not yet fully run.  Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations." *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) (quoting *Rashid v. Khulmann*, 991 F. Supp. 254, 259 (S.D.N.Y. 1998)).

The one-year statute of limitations under Section 2244 is subject to equitable tolling when a petitioner's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond the petitioner's control. *Dunlap v. United States,* 250 F.3d 1001, 1004 (6th Cir. 2001); *Graham-Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 560-61 (6th Cir. 2000). The Sixth Circuit has stated that "federal courts sparingly bestow equitable tolling." *Graham-Humphreys*, 209 F.3d at 560-61; *Jurado*, 337 F.3d at 642.  When determining whether equitable tolling is appropriate, the court must consider: "(1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim." *Dunlap*, 250 F.3d at 1008; *Miller v. Collins*, 305 F.3d 491, 495 (6th Cir. 2002).  These factors are not comprehensive and not all of the factors are relevant in all cases. *Cook*, 295 F.3d at 521.  Whether equitable tolling is appropriate is a case-by-case analysis. *Id.*  The petitioner bears the ultimate burden of persuading the court that he or she is entitled to equitable tolling. *Vroman,* 346 F.3d at 605.

#### (ii)     Analysis of Petitioner's Compliance with the AEDPA Statute of Limitations

Petitioner has failed to pursue direct and collateral attacks against his Canton Municipal Court conviction, and the AEDPA statute of limitations consequently expired.  The Canton Municipal Court entered its judgment against Petitioner on August 9, 1996.  ECF Dkt. #8, Ex. 2. Ohio Rule of Appellate Procedure 4(A) requires a defendant to file a notice of appeal within 30 days of the judgment entry by the trial court.  Ohio R. App. P. 4(A).  Therefore, Petitioner had until September 9, 1996 to file a notice of appeal.  Absent an application for further review on direct appeal or a properly filed application for post-conviction relief,  Petitioner's one-year statute of limitations would begin to run the following day, on September 10, 1996 . *See Allen v. Yukins*, 366 F.3d 396, 400 (6th Cir. 2004) quoting Fed. R. Civ. P. 6 ("In computing any period of time prescribed or allowed by these rules, by the local rules of any district court, by order of court, or by any applicable statute, the day of the act, event, or default from which the designated period of time begins to run shall not be included.")  Petitioner filed no appeals until March 17, 2006.  Therefore,

absent equitable tolling, the AEDPA statute of limitations expired on September 10, 1997.

Here, Petitioner asserts that equitable tolling should apply because the Canton Municipal Court did not give him notice of his right to appeal his conviction.  ECF Dkt. #1 at 6 ("The failure to grant delayed appeal where the failure to timely appeal is attributable to the trial court not advising petitioner of his right to appeal and have appellate counsel appointed is an abuse of discretion.")  Even if a *pro se* petitioner is ignorant of the AEDPA filing deadline, his ignorance does not warrant equitable tolling.  *Winkfield v. Bagley*, No.  02-3193, 66 Fed. Appx. 578, 583, 2003 WL 21259699  (6th Cir. May 28, 2003); *Miller v. Cason*, No. 02-1412, 49 Fed. Appx. 495, 497, 2002 WL 31164208 (6th Cir. Sept. 27, 2002).  Further, the *Miller* court stated that an impediment to filing a direct appeal does not operate to explain why a petitioner failed to comply with the AEDPA statute of limitations and file a timely petition pursuant to 28 U.S.C. § 2254.  *Miller*, 49 Fed. Appx. at 497.   In this case, even if the state court neglected to inform Petitioner of his right to a direct appeal, that failure does not relieve him of his obligation to file a federal petition for habeas corpus within one year of his conviction becoming final.

Even assuming Petitioner's argument based on lack of notice is viable in principle, he is unable to establish that the trial court actually failed to inform him of his appellate rights because his significant delays have resulted in the trial court transcripts becoming unavailable.  Petitioner states that the he contacted the trial court to request copies of his plea and sentencing transcripts, but he was informed that they do not exist.  ECF Dkt. #1, Memorandum in Support at 1.  Although Petitioner's request for transcripts has not been provided to this Court, the response from the Canton Municipal Court judge was dated January 12, 2006.  ECF Dkt. #8, Ex. 10.  The date of the judge's response indicates that Petitioner waited a significant period of time before requesting the transcripts. The *Lackawanna* Court stated:

> Federal courts sitting in habeas jurisdiction must consult state court records and transcripts to ensure that challenged convictions were obtained in a manner consistent with constitutional demands. **As time passes, and certainly once a state sentence has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially.**

*Lackawanna*, 532 U.S. at 403 (internal citation omitted) (emphasis added).   Therefore, the

-10-

undersigned finds Petitioner's argument unpersuasive because his delay of over nine years in requesting the transcripts is unreasonable.  The undersigned finds that Petitioner's delay is most likely the reason that the transcripts are not available.  Any resulting impediment in establishing a lack of notice is attributable to Petitioner's delay.

Furthermore, Petitioner's lengthy delays in requesting transcripts and filing a direct appeal show that he has not been diligent in pursuing his claim.

Where, as in this case, a petitioner has failed to show that factors exist in favor of equitable tolling, the Court need not consider prejudice to the respondent.  *Dunlap*, 250 F.3d at 1009.

Lastly, although the Sixth Circuit has held that the Constitution requires an actual innocence exception to AEDPA's statute of limitations (*Souter v. Jones*, 395 F.3d 577, 599 (6th Cir. 2005)), Petitioner presents no evidence in support of his claim.  To establish actual innocence, "a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt."  *Schlup v. Delo*, 513 U.S. 298, 3327 (1995).  Here, Petitioner simply states, "If Mr. Smith could find Fite [the victim], Fite would aver that Mr. Smith did not threaten him with a knife."  ECF Dkt. #11 at 3.  Petitioner does not offer an explanation as to why the victim would testify that he had not been threatened.  Furthermore, this Court and other jurisdictions have held that evidence that was available at the time of trial cannot be considered in ruling upon a claim of actual innocence.  *See  Rickard v. Wolfe*, No. 3:06-CV-2753, 2007 WL 4526522, *slip op*. at *6, *15 (N.D. Ohio Dec. 17, 2007); *Leggett v. U.S.*, Nos. 1:05CV732, 1:92CR233, 2006 WL 3091316, *slip op*. at *2 (N.D. Ohio Oct.  27, 2006); *Hubbard v. Pinchak*, 378 F.3d 333, 340 (3d Cir. 2004); *Osborne v. Purkett*, 411 F.3d 911, 920 (8th Cir.2005) ("Evidence is only new [for actual innocence purposes] if it was not available at trial and could not have been discovered earlier through the exercise of due diligence.") (internal quotations omitted); *Cooper v. Brown*, 510 F.3d 870, 969-70 (9th Cir. 2007).  Petitioner has made no showing that Fite was not available at the time Petitioner's case would have proceeded to trial.  Therefore, Petitioner falls short of establishing actual innocence.

In summary, Petitioner's claim of unconstitutionality in the Canton Municipal Court's conviction is foreclosed from direct or collateral attack in its own right because Petitioner failed to pursue those remedies while they were available. Consequently, the Court should dismiss the instant petition as an attack on Petitioner's Lorain County Court of Common Pleas sentencing enhancement based upon the underlying Canton Municipal Court conviction.

## III.    CONCLUSION

For the foregoing reasons, the undersigned recommends that the Court DISMISS the instant petition, with prejudice.  ECF Dkt. #1.


Date: March 6, 2008                                    */s/George J. Limbert*
                                                       GEORGE J. LIMBERT
                                                       UNITED STATES MAGISTRATE JUDGE


ANY OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within ten (10) days of service of this notice.  Failure to file objections within the specified time WAIVES the right to appeal the Magistrate Judge's recommendation.  *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

-12-