UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| SCOTT SMITH, | ) | CASE NO.: 5:06CV2959 |
| | ) | |
| Petitioner, | ) | JUDGE JOHN ADAMS |
| | ) | |
| | ) | |
| | ) | |
| STUART HUDSON, Warden, | ) | **ORDER AND DECISION** |
| | ) | |
| Defendant. | ) | |
| | ) | |

This matter appears before the Court on objections to the Report and Recommendation of the Magistrate Judge filed by Petitioner Scott Smith. Upon due consideration, the Court overrules the objections and adopts the Report and recommended findings and conclusions of the Magistrate Judge and incorporates them herein. Therefore, it is ordered that the petition is hereby DISMISSED.

**I.  Facts**

On August 9, 1996, Petitioner appeared with counsel in the Canton Municipal Court and entered a plea of no contest to carrying a concealed weapon, aggravated menacing, and disorderly conduct. Petitioner was sentenced to a total of 360 days incarceration. On December 11, 2006, Petitioner filed the instant petition pursuant to 28 U.S.C. § 2254. In his filing, Petitioner raised the following grounds for relief:

> 1) Petitioner was denied his right to appeal in violation of his 5th, 6th, 14th Amendment rights.

>2) Petitioner was denied his right to effective assistance of counsel as guaranteed under the 6th and 14th amendments.
>
>3) Petitioner is actually innocent of aggravated menacing and carrying concealed weapon.
>
>4) The court of appeals abused its discretion in violation of Petitioner's constitutional rights when it denied his motion for delayed appeal.
>
>5) The court of appeals committed a miscarriage of justice when it denied Petitioner's motion for delayed appeal in violation of Petitioner's constitutional rights.
>
>6) Petitioner's unconstitutional conviction was used to illegally enhance petitioner's federal and state sentences in violation of the U.S. Constitution.

Doc. 1 at 5-6 (errors sic). In his decision, the Magistrate Judge concluded that Petitioner's first five claims are time barred. In addition, the Magistrate Judge concluded that the sixth claim should be dismissed in part and lacked merit in part.

Petitioner timely filed objections to the Report. Petitioner first contends that his initial five grounds for relief are not time barred. Petitioner also asserts that the Court should entertain his challenge to the enhanced sentence he received in federal court. The Court finds no merit in Petitioner's objections.

**II.    Law and Analysis**

    **A.  Challenge to 1996 conviction**

The statute of limitations for the Antiterrorism and Effective Death Penalty Act ("AEDPA") is contained in 28 U.S.C. § 2244, which provides as follows:

>(d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
>(A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;

>(B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
>…
>
>(D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner was convicted and sentenced on August 9, 1996.  His petition was not filed until December 11, 2006.  Petitioner, however, contends that the Magistrate Judge erred when it failed to apply the above-quoted subsections A, B, and D.  This Court disagrees.

Petitioner filed a motion for delayed appeal in the state appellate court that was denied on April 26, 2006.  Petitioner claims that this date should be used to judge the timeliness of his petition.  This position has been expressly rejected by the Sixth Circuit.  *See, e.g., Wheeler v. Jones*, 226 F.3d 656, 659-60 (6th Cir. 2000).  "Contrary to [Petitioner's] position, an application for a delayed appeal, even if properly filed, does not 'revive' the federal statute of limitations clock and provide a new one-year AEDPA limitations period; it only tolls the statute for the time during which a properly filed motion is pending."  *Porter v. Hudson*, Case No. 3:06CV1608, 2007 WL 2080444, at *6 (N.D.Ohio July 16, 2007).  In this matter, Petitioner filed no direct appeal from his conviction.  Accordingly, the AEDPA period of review expired on September 10, 1997.  Petitioner's motion for delayed appeal filed more than nine years later did not serve to toll the limitations period, as no period existed to toll.

Petitioner next contends that his period for filing should have been calculated on the date impediments created by the State were removed.  Petitioner asserts that the impediments consisted of an inadequate law library that prevented him from filing his direct appeal and the failure of the trial court to inform him of his appellate rights and appoint him appellate counsel.  Petitioner concludes that these impediments should have delayed the starting period of the

AEDPA's one-year statute of limitations. The Sixth Circuit has likewise rejected this argument.

> Miller alleged that the State of Michigan impeded the filing of his federal habeas corpus petition by failing to give him notice of his appeal rights at sentencing, by not timely appointing counsel to perfect a belated appeal, by delaying the preparation of the trial transcripts for an unspecified amount of time, and by not granting him due process during his direct appeal. Although these alleged actions may have interfered with Miller's direct appeal in state court in the early 1990s, Miller has failed to explain how the actions prevented him from filing his federal habeas corpus petition until 2001.

*Miller v. Cason*, 49 Fed.Appx. 495, 497 (6th Cir. 2002). Similar to the petitioner in *Miller*, Petitioner focuses on impediments that interfered with his ability to file a direct appeal in state court. None of these factors served to impede Petitioner's ability to file his federal petition in a timely manner.

Finally, Petitioner contends that he was unaware of the factual predicate of his claims until he was transferred to a detention facility that had Ohio law materials in its library. The Court, however, finds that Petitioner failed to exercise due diligence to discover the factual predicate of his claims. As detailed above, more than ten years passed between the date that Petitioner was convicted and the date he filed his habeas petition. Moreover, while Petitioner contends that he was not informed of his appellate rights, there is no evidence in the record to support this contention. In fact, Petitioner's prior filings in State court contradict this assertion. In his motion for delayed appeal, Petitioner stated as follows: "although Appellant requested that his counsel file an appeal, counsel failed to do so." Doc. 8-13 at 2. Petitioner's assertion that he was unaware of his appellate rights, therefore, lacks credibility.

Additionally, the record demonstrates that the trial court no longer has the transcripts from Petitioner's plea hearing. The Court finds that the Magistrate Judge properly attributed this lack of evidence to Petitioner's failure to diligently pursue this matter. *See Lackawanna Cty. Dist. Attorney v. Coss*, 532 U.S. 394, 403 (2001) ("As time passes, and certainly once a state sentence

has been served to completion, the likelihood that trial records will be retained by the local courts and will be accessible for review diminishes substantially."). The Court, therefore, finds no merit in Petitioner's contention that he exercised due diligence and did not discover the basis for his petition until 2005.

Having overruled the above objections, the Court finds that the Magistrate Judge properly concluded that Petitioner's one-year period for filing under the AEDPA began on September 10, 1996. Petitioner's challenges to his 1996 conviction, therefore, are time barred.

Petitioner next asserts that his claim of actual innocence creates an exception to the AEDPA's statute of limitations. Petitioner is correct that such an exception is recognized. *See Souter v. Jones*, 395 F.3d 577, 602 (6th Cir. 2005). "In order to establish actual innocence, a petitioner must show that it is more likely than not that no reasonable juror would have found petitioner guilty beyond a reasonable doubt." *Rickard v. Wolfe*, Case No. 3:06CV2753, 2007 WL 4526522, at *3 (N.D.Ohio Dec. 17, 2007) (internal quotations omitted). Petitioner, however, has offered no evidence of his innocence beyond his self-serving statement that he did not commit aggravated menacing. The Magistrate Judge, therefore, did not err in finding that Petitioner offered no credible evidence in support of his claim of actual innocence. The Court also notes that any such claim would be barred because the evidence relied upon by Petitioner, namely that the victim would testify in support of his claim, would have been available at the time of Petitioner's trial. *See id.* at *4.

**B. Challenge to enhanced sentences**

The Magistrate Judge also construed Petitioner's habeas petition as a challenge to his later sentences in state and federal court. Specifically, Petitioner alleged that his later sentences were enhanced by his purportedly constitutionally infirm 1996 conviction. The Magistrate Judge

independently addressed the federal and state sentences at issue. Upon review, the Court finds no error in the Magistrate Judge's decision.

With respect to Petitioner's challenge to the fact that his federal sentence was enhanced by his constitutionally infirm 1996 conviction, the Magistrate Judge found that review of such a claim was precluded by Petitioner's pending § 2255 motion raising the same ground for relief. This motion was filed prior to Petitioner's § 2254 motion. *See United States v. Smith*, Case No. 1:97CR324-002, Doc. 38. "Under these circumstances, consideration of judicial economy and of the parties' legitimate interest in avoiding undue burden and expense militates in favor of permitting the court in which an action was first filed to resolve all the issues presented by the separate actions." *Eberle v. Wilkinson*, Case No. 2:03CV272, 2008 WL 886138, at *3 (S.D.Ohio Mar. 28, 2008) (internal quotations omitted). Petitioner's challenge to his federal sentence, therefore, will not be reviewed.

To the extent that Petitioner has expressed a willingness to withdraw his alleged error in the first filed § 2255 motion, such willingness would not alter the result herein. Permitting such an action would only encourage defendants in Petitioner's position to file multiple motions in an effort to judge shop.

Finally, Petitioner's challenge to the enhancement of his later state court sentence lacks merit.

> [O]nce a state conviction is no longer open to direct or collateral attack in its own right because the defendant failed to pursue those remedies while they were available (or because the defendant did so unsuccessfully), the conviction may be regarded as conclusively valid. If that conviction is later used to enhance a criminal sentence, the defendant generally may not challenge the enhanced sentence through a petition under § 2254 on the ground that the prior conviction was unconstitutionally obtained.

*Lackawanna*, 532 U.S. at 403-04 (citations omitted). As detailed above, Petitioner failed to

pursue any direct appeal from his 1996 sentence. Furthermore, Petitioner has offered no credible evidence to justify his failure to do so. His state conviction, therefore, is conclusively valid.

An exception to the above-quoted general rule exists for "§ 2254 petitions that challenge an enhanced sentence on the basis that the prior conviction used to enhance the sentence was obtained where there was a failure to appoint counsel in violation of the Sixth Amendment[.]" *Id.* at 404. The record, however, demonstrates that Petitioner was represented by counsel when he entered his no contest plea. Further, there is no evidence that Petitioner requested that appellate counsel be appointed, nor has he identified any law which would require an Ohio court to *sua sponte* appoint counsel without such a request being made. The exception espoused in *Lackawanna* simply does not apply to these facts. Petitioner's 1996 conviction, therefore, is conclusively valid and cannot be attacked through the enhanced sentence he received in a later state court conviction.

**III.    Conclusion**

Having found no merit to the objections raised by Petitioner, the Court ADOPTS the Magistrate Judge's Report in its entirety. The Petition is DISMISSED.

The Court certifies, pursuant to 28 U.S.C. §1915(A)(3), that an appeal from this decision could not be taken in good faith, and that there is no basis upon which to issue a certificate of appealability.

This Order is entered pursuant to Federal Rule of Civil Procedure 58.

So ordered.

May 15, 2008                                                       */s/ John R. Adams*
                                                                            JUDGE JOHN R. ADAMS
                                                                            UNITED STATES DISTRICT JUDGE